

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Michael Lee Townsend, Sr., ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:07cv841 (LO/TRJ) |
| ) | |
| Gene Johnson, ) | |
|     Respondent. ) | |

MEMORANDUM OPINION

Michael Lee Townsend, Sr., a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for Sussex County, Virginia for capital murder, first degree murder, and use of a firearm in the commission of murder. Townsend claims that: (1) trial counsel rendered ineffective assistance for failing to preserve for appeal the "public confidence" objection to the seating of three jurors; (2) trial counsel rendered ineffective assistance by failing to "conduct adequate and prompt pre-trial investigation;"[1] and (3) "he was denied due process when three potentially biased jurors were left on the [jury] selection panel." On November 5, 2007, respondent filed a Motion to Dismiss the petition, Brief in support of that Motion, and a Rule 5 Answer. Townsend was given the opportunity to file responsive materials, pursuant to Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. For the reasons that follow, petitioner's claims must be dismissed.

---

[1] Townsend points to nine instances in which he believes that trial counsel was ineffective for failing to conduct an adequate pre-trial investigation.

## I. Background

On December 6, 2002, a jury in the Circuit Court for Sussex County, Virginia convicted Townsend of capital murder, first-degree murder, and use of a firearm in the commission of those murders. Commonwealth v. Townsend, Case Nos. CR02-54 – 57. On February 19, 2003, in accordance with the jury's recommendation, the trial court sentenced Townsend to two life sentences plus eight years in prison. Id.; Sentencing Order, Feb. 19, 2003.

Townsend filed a direct appeal to the Court of Appeals of Virginia, claiming that the trial court erred in: (1) failing to excuse jurors Holt, McColl, and King for cause and (2) admitting evidence of Townsend's "prior bad acts" during the guilt phase of the trial. Pet. 2. On November 20, 2003, the Court of Appeals of Virginia granted Townsend's petition for appeal with respect to the issues of whether the trial court erred in: (1) "denying [Townsend's] motion to strike juror Holt for cause" and (2) "admitting evidence of prior bad acts committed by [Townsend] three or four years prior to the instant offenses." Townsend v. Commonwealth, R. No. 0469-03-2, slip op. at 1 (Va. Ct. App. Nov. 20, 2003). Then, on September 7, 2004, in an unpublished memorandum opinion, the Court of Appeals of Virginia affirmed Townsend's convictions, holding that, "[a]ssuming, arguendo, that the public confidence issue had been preserved for our review, ... because Townsend did not allege any ongoing relationship between the prospective juror and a party, counsel or a witness in the case, the trial court did not err in refusing to strike [] juror [Holt] for cause." Townsend v. Commonwealth, R. No. 0469-03-2, slip op. at 4 (Va. Ct. App. Sept. 7, 2004). The court also held that even if the admission of Townsend's prior bad acts was improper, "the admission of the evidence was harmless." Id. at 6.

Townsend appealed to the Supreme Court of Virginia, claiming that: (1) the trial court erred in overruling defendant's motion to strike prospective jurors Holt, McColl, and King for cause because seating these jurors would make it "unlikely that the public would have confidence in the integrity of the judicial process"; (2) the trial court erred in admitting evidence of Townsend's prior bad acts in the guilt phase of the trial; and (3) the errors were not harmless. Pet. for App., Oct. 5, 2004. On March 3, 2005, the Supreme Court of Virginia granted Townsend's appeal in part with respect to the issue of whether the trial court erred in overruling Townsend's motion to strike for cause prospective jurors Holt and King. Townsend v. Commonwealth, R. No. 042223, slip op. (Va. Mar. 3, 2005). Ultimately, the Supreme Court of Virginia affirmed Townsend's convictions on September 16, 2005, holding that "Townsend's failure to raise his public confidence argument at trial regarding the seating of the jurors bars that claim for the first time on appeal, under [Va. Sup. Ct.] Rule 5:25." Townsend v. Commonwealth, R. No. 042223, slip op. at 12 (Va. Mar. 3, 2005).

On August 28, 2006, Townsend filed a petition for a writ of habeas corpus in the Circuit Court for Sussex County, Virginia, claiming that: (1) trial counsel rendered ineffective assistance by failing to "properly conduct pre-trial investigation;" (2) trial counsel rendered ineffective assistance by failing to preserve a valid objection to the seating of two jurors on the jury; (3) the trial court erred by not excusing "bias[ed]" jurors Holt, McColl, and King for cause; and (4) trial counsel rendered ineffective assistance by failing to meet with Townsend to discuss a "potential defense and available evidence." See Aug. 28, 2006 Pet. On December 13, 2006, the circuit court dismissed claim 3, pursuant to Henry v. Warden, 576 S.E.2d 495, 496 (2003), concluding that this claim was not cognizable in a petition for a writ of habeas corpus. Townsend v. Johnson, CL06-105, slip op.

3

at 3-4. The circuit court also dismissed claims 1, 2, and 4, holding that Townsend failed to satisfy either the "performance" or the "prejudice" prong of the two-part test outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984) for ineffective assistance of counsel. Id. at 6, 12, 13.

Townsend filed a notice of appeal of the circuit court's dismissal to the Supreme Court of Virginia on December 18, 2006, raising two assignments of error. In the petition for appeal filed on February 25, 2007, Townsend claimed that the circuit court erred in: (1) finding that Townsend was not entitled to habeas relief based on trial counsel's ineffectiveness for failing to properly conduct a pre-trial investigation and (2) denying an evidentiary hearing when material facts were in dispute. On June 21, 2007, the Supreme Court of Virginia refused Townsend's petition for appeal. Townsend v. Johnson, R. No. 070525, slip op. (Va. June 21, 2007).

On August 10, 2007, Townsend filed the instant federal petition for a writ of habeas corpus, claiming that: (1) trial counsel rendered ineffective assistance for failing to preserve the "public confidence" objection to the seating of jurors Holt, McColl, and King for appeal; (2) trial counsel rendered ineffective assistance by failing to "conduct adequate and prompt pre-trial investigation;"[2] and (3) "he was denied due process when three potentially biased jurors [, Holt, McColl, and King,] were left on the [jury] selection panel," which forced Townsend to use his remaining peremptory challenges to strike Holt and King from the jury. On November 5, 2007, respondent filed a Rule 5

---

[2] While Townsend raised this general claim of ineffective assistance in both his state habeas petition and his appeal to the Supreme Court of Virginia, he raises nine specific instances of ineffective assistance of counsel in his federal petition, none of which were raised explicitly in his state habeas petition or its appeal.

4

Answer and a Motion to Dismiss the petition.[3] Townsend was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K), and he has filed his response. This matter is now ripe for disposition

## II. Procedural Default and Exhaustion

In reviewing a petition brought pursuant to 28 U.S.C. § 2254, a federal court must determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition.

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the

---

[3] Although the Court ordered that the records of Townsend's criminal trial and state habeas proceedings be forwarded to the Clerk within 60 days of its October 3, 2007 Order, the Clerk did not receive the state court records from the Circuit Court for Sussex County until April 4, 2008.

state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). A petitioner may nonetheless overcome a procedural default and have his claim addressed on the merits by showing either cause and prejudice for the default or that a miscarriage of justice would result from the lack of such review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

Townsend has not exhausted claims 1 or 2 of the instant federal petition before the Supreme Court of Virginia. With respect to claim 1, although Townsend raised this claim that trial counsel rendered ineffective assistance by failing to preserve the "public confidence" objection to the seating of jurors Holt, McColl, and King for appeal in his state habeas petition to the Circuit Court for Sussex County,[4] Townsend failed to appeal the dismissal of this claim to the Supreme Court of Virginia. See Aug. 28, 2006 Pet; Feb. 25, 2007 Pet. Accordingly, although Townsend never presented this claim to the Supreme Court of Virginia, it is nonetheless treated as exhausted and procedurally barred because Townsend is now precluded from bringing it in state court. Specifically, this claim would now be procedurally defaulted under Virginia Code § 8.01-654(a)(2) (state habeas petition statute of limitations) and Virginia Code § 8.01-654(b)(2) (state's successive petition

---

[4] The circuit court dismissed this claim under the Strickland test holding that Townsend "suffered no prejudice" from the Supreme Court of Virginia's finding that his "public confidence" challenge to the seating of three jurors was procedurally defaulted pursuant to Va. Sup. Ct. Rule 5:25 because he failed to preserve this challenge for appeal. Townsend, CL06-105 at 7-8.

6

statute). Therefore, claim 1 of the instant federal petition is simultaneously exhausted and defaulted for the purposes of federal habeas review.

With respect to claim 2, although Townsend raised the general claim that his trial counsel rendered ineffective assistance by failing to conduct adequate pre-trial investigation in both his state habeas petition and in his appeal to the Supreme Court of Virginia, Townsend did not cite any of the factual circumstances he now uses in his federal petition in either of his state petitions. In the habeas petition Townsend filed in the Circuit Court for Sussex County, he claimed that he "received ineffective assistance of court appointed counsel in violation of the Sixth Amendment when counsel failed to properly conduct pre-trial investigation." Aug. 28, 2006 Pet. at 6. In support of this claim, Townsend alleged that "counsel failed to develop [his] alibi, and present it to the Court." Id. The only factual support Townsend provided for this claim was an affidavit from Mr. Johnson, a witness for the defense, averring that Johnson did not see Townsend leave his home until four o'clock in the afternoon on the day in question and that the car Johnson sold to Townsend was not "dirty white" in color. Id. at Exh. A. In Townsend's habeas appeal to the Supreme Court of Virginia, he raised a nearly identical claim to the one he raised in the circuit court. In the appeal, Townsend claimed that his trial counsel was ineffective for failing "to argue that the car was not white or dirty white in color and [for failing to be] more specific that [Townsend] in fact had not [] left his residence until 4:00 p.m." Feb. 25, 2007 Pet. at 5.

However, in contrast, in the instant federal habeas petition, Townsend raises completely different facts and arguments to support his contention that his trial counsel was ineffective for failing to conduct adequate pre-trial investigation. Here, Townsend claims that trial counsel

7

rendered ineffective assistance because he failed to do the following pre-trial investigation in order to strengthen Townsend's defense at trial: (a) promptly interview defense witness Mr. Johnson;[5] (b) contact Townsend's loan company to obtain information about a telephone conversation Townsend had with the company on the day of the murders; (c) go to "the Travis's [sic] store" to interview employees about the specific times that Townsend visited the store on the day of the murders; (d) interview government eyewitness Ms. Chambliss, and potential eyewitnesses Francis and Turner; (e) interview government witness Ms. Goss; (f) interview government witnesses Lowe and Jackson; (g) interview government witnesses Vanderpool and Swenson; (h) "properly investigate"[6] the two police searches of Townsend's home, the first of which revealed no evidence, and the second of which uncovered "an unfired .22 caliber cartridge," in an effort to demonstrate that the evidence "could have been fabricated or planted;" and (i) interview "anyone from the State Police who conducted the Crime Scene Investigation." Pet. TOC at 7-17.

With respect to claims 2(b) through 2(g) and 2(i), Townsend did not raise, discuss, or even mention these specific ineffectiveness of counsel claims, or any of the facts giving rise to these claims, in any prior direct appeal or habeas petition. Because Townsend never presented these claims to the Supreme Court of Virginia, they are treated as exhausted because Townsend is now precluded from bringing them in state court. Moreover, because these claims would now be

---

[5] Specifically, Townsend complains that defense counsel did not interview Johnson until four months after Townsend's arrest.

[6] Townsend claims that counsel should have interviewed the officers that conducted the searches and introduced evidence at trial to demonstrate that the .22 caliber bullet was the only one of its kind in the home along with thousands of other bullets, all of which were either "Federal or Remington." Pet. TOC at 15-17.

procedurally defaulted under Virginia Code § 8.01-654(a)(2) (state habeas petition statute of limitations) and Virginia Code § 8.01-654(b)(2) (state's successive petition statute), claims 2(b) through 2(g) and 2(i) are simultaneously exhausted and defaulted for the purposes of federal habeas review.

With respect to claims 2(a) and 2(h) of the instant federal petition, Townsend raised similar, but not identical, claims in his habeas petition to the Supreme Court of Virginia. In his state habeas petition, Townsend claimed that he was "entitled to habeas relief predicated upon ineffective assistance of counsel due to counsel['s] failure to properly conduct pretrial investigation." Feb. 25, 2007 Pet. at 3. In support of this claim, Townsend stated that counsel was ineffective for failing "to argue that the car was not white or dirty white in color and [for failing to be] more specific that [Townsend] in fact had not or never left his residence until 4:00 p.m." Id. at 5. To bolster Townsend's claim regarding the car color and his alibi, Townsend included a sworn affidavit from Bill Johnson, who served as an alibi witness at trial. Id. at Exh. A. Also, as part of this claim, Townsend alleged, in the section titled "statement of facts," that counsel failed to meet with him "regarding [a] potential defense and available evidence, such as the markings was [sic] made by Factory mold that produced the casings, or other high tech weapon's, as Browning, causing counsel to fail to obtain critical evidence proving that the fabricated evidence was planted." Id. at 4.

However, in claim 2(a) of the instant federal petition, Townsend claims that trial counsel rendered ineffective assistance because he "did not speak to Bill Johnson until March 27, 2002, which is more than four months after [Townsend's] arrest." Pet. TOC at 8. Also in claim 2(a), Townsend claims that counsel was ineffective for failing to "properly prepare Mr. Johnson for trial

9

and [failing] to promptly speak with Bill Johnson to assure that his facts and times were correct." Id. As in the state petition, Townsend included a sworn affidavit from Johnson asserting that he did not see Townsend leave his home until four 'o clock in the afternoon and that he sold Townsend a car that was "not white [or] 'dirty white' in color." Pet. Exh. I at 2. As part of the federal petition, Townsend also included Johnson's testimony from trial, which offers similar information[7] to that provided in the affidavit. Id. at 4-8. Accordingly, claim 2(a) that Townsend now raises appears to differ from the claim he raised to the Supreme Court of Virginia.

Additionally, although Townsend mentioned some markings on bullet casings and alludes to the possibility of fabricated or planted evidence in his state habeas petition to the Supreme Court of Virginia, he significantly expands on this claim, 2(h), in the instant federal petition, devoting two full type-written pages to develop the claim. Feb. 25, 2007 Pet. at 4; Pet. TOC at 15-17. Because Townsend adds so many additional facts and arguments in claim 2(h) of his federal petition that were not raised to the Supreme Court of Virginia, claim 2(h) appears to differ significantly from any claim Townsend raised in a prior petition or appeal.

Because claims 2(a) and 2(h) as they are expressed in Townsend's federal petition were not presented to the Supreme Court of Virginia, they appear to be both unexhausted and procedurally defaulted. However, because these claims could be liberally construed as raising the same issues as

---

[7] At trial, Johnson testified that he had a fifteen minute conversation with Townsend "somewhere between 9:30 and 10:30" in the morning, saw Townsend go back into his home after the conversation, and did not see Townsend leave his home at any time until sometime in the afternoon. Pet. Exh. I at 4-6. At trial, Johnson could not recall the exact time he saw Townsend leave, but said, "[i]t was probably between somewhere 2, 2:30, 3." Id. at 6. Also, Johnson testified that the color of the car he sold Townsend was "kind of goldish, grayish silver." Id. at 8.

those brought before the Supreme Court of Virginia, they will also be addressed on the merits in an abundance of caution.

### III. Procedural Default

In claim 3, Townsend contends that "he was denied due process when three potentially biased jurors were left on the [jury] selection panel." Pet. TOC at 18.[8] Ultimately, Townsend used peremptory challenges to strike two of those jurors, Holt and King, and the third juror, McColl, became a member of the jury. Id. at 18. As a preliminary matter, respondent contends that this claim is procedurally barred from federal review because Townsend raised only issues of state law in his direct appeal of this claim. Resp. Mem. at 23. Although respondent is correct that Townsend supported this claim solely with cases from the Supreme Court of Virginia, Townsend stated in his direct appeal that "[i]t is important to note that the right of an accused to trial by an impartial jury is a constitutional right. U.S. Const. Amends VI and XIV." Because Townsend raised claim 3 as a constitutional issue under the Sixth and Fourteenth Amendments, both in his direct appeal to the Supreme Court of Virginia and in his federal habeas petition, the Court finds that, liberally construed, this claim does raise an issue of federal law.

However, claim 3 cannot be reviewed because it is nevertheless procedurally defaulted. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v.

---

[8] Although Townsend did not raise this issue in his habeas appeal to the Supreme Court of Virginia, claim 3 was exhausted properly because Townsend raised it in his direct appeal to the Supreme Court of Virginia. As noted previously, the Supreme Court of Virginia granted Townsend's appeal on the issue of whether the "trial court erred in overruling Townsend's motion to strike for cause prospective juror[s]" Holt and King, but refused his appeal as to juror McColl. Townsend v. Commonwealth, R. No. 042223, slip op. (Va. Mar. 3, 2005).

11

Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991).

In the instant federal petition, both requirements are met. With respect to claim 3, the Supreme Court of Virginia focused entirely on the fact that "Townsend's sole basis on appeal for contending the trial court erred in denying his motion to strike jurors Holt and King for cause is that seating them would make it 'unlikely that the public would have confidence in the integrity of the judicial process.'" Townsend v. Commonwealth, R. No. 042223, slip op. at 5 (Va. Sept. 16, 2005). Ultimately, the Supreme Court of Virginia dismissed this claim, reasoning that "[i]t is fundamentally unfair to overturn the valid decision of a jury for reasons never given to the trial court and which do not go to the merits of the case or the actual bias of a juror." Id. at 11. Additionally, relying on Va. Sup. Ct. R. 5:25, the Supreme Court of Virginia held that "[p]ublic confidence in the integrity of the judicial system, as a ground for excluding a juror for cause, must be raised in the trial court or that issue is waived." Id. Thus, the state court explicitly relied on a procedural ground, Sup. Ct. R. 5:25, to deny Townsend relief. Additionally, the Fourth Circuit has held consistently that the procedural default rule set forth in Va. Sup. Ct. R. 5:25 constitutes an adequate and independent state-law ground for decision. See e.g., Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1998); Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000).

Where, as here, the procedural default requirements have been met, federal courts may not

review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Here, Townsend makes no argument to excuse his procedural default. However, Townsend's petition could be read to allege that his procedural default of claim 3 should be excused because counsel provided ineffective assistance by failing to preserve this issue for appeal. Because Townsend's claim of ineffective assistance of counsel on the issue of preserving the "public confidence" objection for appeal, claim 1, is itself procedurally defaulted, it cannot serve as a justification to excuse Townsend's procedural default with respect to claim 3. Justus v. Murray, 897 F.2d 709, 713 (4th Cir. 1990). Moreover, Townsend has not demonstrated either cause or prejudice for his procedural default under Va. Sup. Ct. R. 5:25, nor has he alleged a fundamental miscarriage of justice. Thus, this Court is barred from reviewing claim 3 of Townsend's petition, on the merits, and this claim will be dismissed as procedurally defaulted.

### IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are

contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, a federal court reviewing a habeas petition must presume that the state court's findings are correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

## V. Merits

In claims 2(a) and 2(h), Townsend contends that trial counsel rendered ineffective assistance by failing to properly conduct pre-trial investigation with respect to alibi witness Johnson and with respect to the two police searches of Townsend's home that preceded his arrest.[9] To succeed on his

---

[9] Federal courts will not entertain federal habeas claims unless they have been "fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275 (1971). A claim will have been fairly presented to the state courts if the substance of the federal habeas claim and, specifically, the constitutional nature of that claim was presented to the state court. Cairns v. Johnson, No. 06-6803, 2008 WL 510486, at *7 (4th Cir. Feb. 26, 2008) (unpublished). "Some variations in the factual allegations or legal theory in a federal habeas claim are permitted so long as they do not 'fundamentally alter' the claim that was advanced in state court." Moses v. Branker, No. 06-8, 2007

ineffective assistance of counsel claims, Townsend must show that the Supreme Court of Virginia's adjudication was contrary to, or an unreasonable application of the Supreme Court's decision in Strickland v. Washington, or was based on an unreasonable determination of the facts. 466 U.S. 668 (1984); see 28 U.S.C. § 2254(d). To establish ineffective assistance of counsel, Townsend must show that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the range of professionally competent assistance," Strickland, 466 U.S. at 690 (defining ineffective assistance of counsel as falling below an objective standard of reasonableness and applying a strong presumption of competence and deference to attorney judgment), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim" and a successful petition "must show both deficient performance and prejudice." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994). Moreover, a court does not need to review the reasonableness of counsel's performance if petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and a court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In order to undermine

---

WL 3083548, at *2 (4th Cir. Oct. 23, 2007) (unpublished). The analysis in this section will proceed under the assumption that claims 2(a) and 2(h) were fairly presented to the Supreme Court of Virginia in Townsend's habeas appeal.

15

confidence in the case outcome, petitioner must show more than a remote possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993).

In claim 2(a), Townsend contends that counsel was ineffective for failing to "speak to Bill Johnson until March 27, 2002, which is more than four months after [Townsend's] arrest." Pet. TOC at 8. Townsend also complains that counsel "failed to properly prepare Mr. Johnson for trial and failed to promptly speak with Bill Johnson to assure that his facts and times were correct." Id. While Townsend does not explicitly refer to the color of the car at issue or his contention that he remained in his home until four 'o clock in the afternoon on the day of the murder in his federal habeas petition as he did in his petition to the Supreme Court of Virginia, it is possible that the "facts and times" to which Townsend refers in his federal petition were intended to suggest those same basic facts and circumstances. The Circuit Court for Sussex County rejected claim 2(a) on the merits, reasoning that it was "inconsistent with the trial record and lacking in factual support" and holding that claim 2(a) failed to meet either prong of the Strickland test. Townsend v. Johnson, CL06-105, slip op. at 6.[10] Specifically, the circuit court pointed out that the information contained in Mr. Johnson's affidavit was presented at trial and that counsel's efforts in raising and developing Townsend's alibi defense "appear[] plainly in the record and [are] bolstered by trial counsel's affidavit ." Id. at 5-6.

---

[10] The Circuit Court for Sussex County reviewed the arguments Townsend raised in his state petition for a writ of habeas corpus, and the Supreme Court of Virginia refused Townsend's habeas appeal without explanation. See Townsend v. Johnson, R. No. 070525 (Va. June 21, 2007). In these circumstances, it is appropriate to infer that the Supreme Court's ruling was based on the same reasoning as the lower court. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (allowing federal courts to examine a lower state court's decision when the state's highest court rejects or denies the appeal of that decision without discussion or explanation).

Likewise, in the instant federal petition, Townsend has failed to satisfy both prongs of the Strickland test for each of the allegations raised in claim 2(a). Townsend fails to show how counsel neglected to render "professionally competent assistance," Strickland, 466 U.S. at 690, by waiting four months to interview Johnson or in any efforts counsel took to prepare Johnson for his testimony at trial. Also, as the circuit court noted, Johnson's affidavit offers similar information to that which he offered at Townsend's trial. Moreover, Townsend fails to demonstrate how the outcome of his trial would have been different had his attorney met with Johnson earlier or taken more time to help Johnson prepare his testimony for trial. As such, Townsend has failed to satisfy both prongs of the Strickland inquiry for the allegations raised in claim 2(a). Accordingly, the state court's dismissal of claim 2(a) was neither contrary to, nor an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts, and this claim must be dismissed.

In claim 2(h), Townsend contends that counsel rendered ineffective assistance by failing "to properly investigate into the fact that the police after searching [his] home once without finding anything returned a day later and allegedly found a single unfired CCI brand bullet." Pet. TOC at 15. Townsend claims that he explained to his attorney that he owns thousands of "either Federal or Remington .22 caliber ammunition and it was highly suspicious that they found one single unfired [CCI] cartridge." Id. Townsend seems most bothered by the idea that counsel failed to argue that the CCI cartridge could have been planted. Id. at 16. The Circuit Court for Sussex County rejected claim 2(h) on the merits, holding that "[t]rial counsel was demonstrably competent and zealous in representing [Townsend] and [Townsend] has shown no deficient performance and has not even approached a showing of prejudice under Strickland." Townsend, CL06-105, at 13. The circuit

17

court reasoned that "trial counsel consulted with Townsend regularly[,] thoroughly discussed the evidence with Townsend[,] and all potential defenses to the crimes with which he was charged." Id. Specifically with respect to the CCI casing found in Townsend's home, the circuit court pointed out that trial counsel "convinced the Court to appoint a forensic expert" to assist the defense team in challenging the shell casing evidence. Id. at 12.

Likewise, in the instant federal petition, Townsend has failed to satisfy both prongs of the Strickland test for the allegations raised in claim 2(h). Townsend fails to show how counsel neglected to render "professionally competent assistance," Strickland, 466 U.S. at 690, in investigating the shell casing or in failing to argue that the evidence was planted. Townsend appears to suggest that a more thorough investigation may have led to additional witnesses who could have helped to exonerate him by casting doubt on the probative value of the shell casing found in his home. However, the decision of whether to call a witness is a tactical decision not amounting to ineffective assistance of counsel. See Goodson v. United States, 564 F.2d 1071 (4th Cir. 1977). Moreover, in order to lay the foundation for an allegation that failure to investigate a witness amounted to ineffective assistance, a petitioner must proffer what favorable testimony would have been given at trial had petitioner called the witness. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990). Townsend has not provided affidavits from any individual who took part in the search of his home, nor has he proffered any sort of favorable testimony that such a witness would have offered. Accordingly, Townsend fails to demonstrate that his case was prejudiced by the absence of such witnesses in light of all the other evidence presented at trial. Thus, the state court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law,

18

nor was it based on an unreasonable determination of the facts, and claim 2(h) must be dismissed.

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and the instant federal petition for a writ of habeas corpus will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 27th day of August 2008.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge